# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10422
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2024

Lyle W. Cayce
Clerk

Candace Searcy,

*Plaintiff—Appellant*,

*versus*

Progressive Insurance,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2803

———————————————————————

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Candace Searcy moves to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of her private civil action for lack of subject matter jurisdiction. Through her motion, Searcy challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

Searcy does not substantively address the district court's jurisdictional analysis. Instead, she asserts, without citation to any supporting legal authority, that she is entitled to a default judgment because the caption of the motion misidentifies the court division in which it was filed, despite that the defendant's motion to dismiss was filed in the proper court. She has thus abandoned any arguments challenging the district court's dismissal of her action for lack of subject matter jurisdiction. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (holding that pro se appellants must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (observing that failure to identify any error in district court's analysis is same as if appellant had not appealed). And without jurisdiction, the court cannot consider the merits of the case. *See Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). Because she has not shown that her appeal involves a nonfrivolous issue, Searcy's motion to proceed IFP is DENIED, all of her other outstanding motions are DENIED, and her appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.